**VLT, INC. and Vicor Corporation, Plaintiffs,**

v.

**LUCENT TECHNOLOGIES, INC., Tyco Electronics Power Systems, Inc., and Tyco International Ltd., Defendants.**

**No. 00–CV–11049–PBS.**

United States District Court, D. Massachusetts.

Oct. 18, 2001.

Paul F. Ware, Jr., Douglas C. Doskocil, Daryl L. Wiesen, Goodwin Procter LLP, Boston, MA, for plaintiffs.

Sarah C. Columbia, Choate, Hall & Stewart, Boston, MA, Thomas L. Secrest, Daniel S. Hulme, Fish & Neave, New York, NY, for Lucent Technologies, Inc., Tyco International Ltd., defendants.

Thomas L. Secrest, Daniel S. Hulme, Fish & Neave, New York, NY, for Tyco Electronics Power Systems, defendant.

### PROCEDURAL ORDER RE: MOTION FOR ATTACHMENT

SARIS, District Judge.

Pursuant to Fed.R.Civ.P. 64 and Mass. R.Civ.P. 4.1(c), plaintiffs have moved for an attachment which defendants have vigorously opposed. After two non-evidentiary hearings under *Markman,* the Court has resolved the parties' dispute over the construction of claim one, and is ready to address attachment.

Lucent and Tyco request an evidentiary hearing pursuant to Mass.Civ.P. 4.1(i) which permits a party to present testimony on a motion for attachment. In light of the extensive paper record in this case, and my overall familiarity with the issues, the Court will allow only a limited evidentiary hearing on infringement and likely damages. Based on the jury verdict in the *Unitrode* litigation and my own review of the validity challenges presented in defendants' briefs, I find a reasonable likelihood of success and will not permit an evidentiary hearing on obviousness or other validity issues.

I will not restrict the number of witnesses. Each side will be allowed an hour on direct examination and an hour on cross-examination on infringement; and an hour on direct examination and an hour on cross-examination on damages. There will be a five minute opportunity for re-direct and re-cross per witness. Closing arguments will be 15 minutes a side. No additional briefing or affidavits shall be filed. The parties shall pre-mark any exhibits and prepare a joint exhibit book. The hearing will be held on *November 19, 2001 and November 20, 2001 from 9 a.m. until 1 p.m.*